## Pittsburgh v. Rothman

*Harold L. Rothman*, for petitioner.
*Anne X. Alpern* and *Harry C. Beschel*, contra.

ROWAND, J., May 11, 1936.—This matter is before the court on petition of defendants to strike off the judgment at the above number and term. The petition recites that petitioners have been residents of the City of Pittsburgh for the past 30 years, and have been residing at 223 South Atlantic Avenue for the past 15 years, and that they are the owners of certain real estate in the fourth ward of the City of Pittsburgh, described as follows:

"Lot 48 x 100 feet on Fifth avenue between Wyandotte and Moultrie streets, part No. 3 having erected

thereon a four-story brick apartment building at 2035 Jumonville street, and a two-story brick apartment building at 210-212 De Rand street."

The petition further recites that on August 15, 1935, the City of Pittsburgh issued a sci. fa. at the above number and term for the purpose of obtaining judgment against defendants for 1932 city taxes against the said property; that on October 11, 1935, the sheriff made a return of nihil habet in lieu of personal service and posted the premises and advertised; that on December 5, 1935, the City of Pittsburgh took judgment against petitioners by default for failing to appear or answer the said sci. fa.; and that on December 30, 1935, a lev. fa. was issued on said judgment returnable to February 3, 1936, and the property was among a list of properties sold by the sheriff on February 7, 1936. Petitioners claim that the service of the said writ of sci. fa. made by the sheriff is defective and irregular.

The proceeding in this case was under the Act of May 16, 1923, P. L. 207, section 18 of which provides:

"The sheriff to whom the *scire facias* is given for service shall add to the writ, as parties defendant, all persons, other than those named therein, who may be found in possession of the property described, or any part thereof, and in case no one is found in possession by the sheriff, he shall post a true copy of the writ on the most public part of said property; and he shall add to the said writ the names of any persons, not already named therein, whom he may ascertain to have an interest in the property described or any part thereof".

Upon examination of the record we find the sheriff made the following return:

"After diligent search and inquiry, being unable to find within named defendants within my bailiwick and their residence being unknown, I return *nihil habet* as to them and I did on October 11th, 1935 post a true and attested copy of the within writ on the most public part of the within described property, and advertised a brief

notice of the contents of said writ once a week for three consecutive weeks in the Pittsburgh Sun-Telegraph, a daily newspaper. . . ."

Municipal claims are creatures of our statutes, and all statutes concerning the same must be strictly construed. It is to be noted that under section 18 of the Act of 1923, supra, the sheriff to whom the sci. fa. is given for service shall add to the writ as parties defendant all persons other than those named therein who may be found in possession of the property described, or any part thereof, and it further provides in case no one is found in possession by the sheriff he shall then post a true copy of the writ on the most public part of the said property.

We hold that service of a writ of sci. fa. sur municipal lien, in order to support a judgment thereon, must conform strictly to the Act of 1923, supra. Section 18, as above quoted, provides for the service in some form on all parties in interest, either real or apparent, in every possible contingency. We also hold that a return of service by posting a true and attested copy of the writ on the liened premises is ineffective unless it also show the reason for the posting, namely, that the property was found to be vacant. The return of nihil habet is a nullity. It was the duty of the sheriff, inter alia, to add the names of the parties found in possession, if such was the case, and by serving such as in the case of a summons, or, in the event there was no one found in possession to make it known in the writ and then post the property and proceed by advertisement.

The sole test to be applied in this case is that of due service of process, and that is a mere question of conformity with the statutory provision on the subject. In default thereof, as we view this service, it is fatally defective and the judgment founded thereon void.

### Order

May 11, 1936, the rule to strike off judgment is hereby made absolute.